**IN THE IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Claim Amount: $540,361.48, plus |
| v. | ) | attorney's fees and costs, and interest |
| | ) | |
| GUARANTEED RATE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff Fifth Third Mortgage Company ("Fifth Third"), by and through its counsel, and for its Complaint against Defendant Guaranteed Rate, Inc. ("Guaranteed Rate"), states as follows:

**PARTIES**

1.      Fifth Third is an Ohio Corporation with its principal place of business located at 5001 Kingsley Drive, Cincinnati, OH 45227.

2.      Guaranteed Rate is a Delaware corporation with its principal place of business located at 940 N. Ravenswood Avenue, Chicago, IL 60613.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the parties are of diverse citizenship and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391, because the Defendant maintains its principal place of business in this district.

## BACKGROUND

5.    On August 30, 2010, Fifth Third and Guaranteed Rate entered into a Correspondent Lending Agreement (the "Agreement") pursuant to which Fifth Third agreed to purchase mortgage loans originated by Guaranteed Rate in accordance with the terms and conditions of the Agreement.  A true and correct copy of the Agreement is attached hereto as Exhibit 1.

6.    Pursuant to the Agreement, Guaranteed Rate represents and warrants to Fifth Third that loans sold to Fifth Third conform with the Agreement and the applicable loan program.  The applicable loan program includes any applicable guidelines published by any federal or state agency which supports mortgage loans or any applicable investor, such as Freddie Mac, Fannie Mae and Ginnie Mae.

7.    On September 30, 2011, Guaranteed Rate, as lender for Leonard E. Murphy and Pamela J. Murphy, closed on loan number 413379389, the real property known as 1903 Elmore Avenue, Downers Grove, IL 60515, a one-unit property in DuPage County (the "Loan File"). On October 17, 2011, Guaranteed Rate sold the Loan File in the amount of $540,361.48 to Fifth Third.

8.    Freddie Mac and Fannie Mae fixed the maximum permitted loan amount for a one-unit property in DuPage County at $417,000.00.

9.    The Agreement contemplates that Fifth Third may not realize that a loan does not conform to the loan program at the time of purchase.  Accordingly, "[t]he fact that [Fifth Third] has reviewed the Loan File either prior to the closing date or after the closing date or both, does not affect any of [Guaranteed Rate]'s obligations or [Fifth Third]'s rights including repurchase or indemnification rights under this Agreement."  See Agreement, ¶ 1.3.  Furthermore, the

Agreement provides for Guaranteed Rate to repurchase from Fifth Third any nonconforming loan "whether such defect was discovered before or after the Loan File was purchased by [Fifth Third] and if [Guaranteed Rate] has not cured such defect within a period of thirty (30) days after [Fifth Third] notifies [Guaranteed Rate] of the defect." See Agreement, ¶ 3.1.1.

10. Guaranteed Rate is also required to purchase a loan if it "fails to observe or perform in any material respect any of the representations, warranties or agreements contained in this Agreement, the loan program and/or is contained in the any commitment issued by Fifth Third." See Agreement, ¶ 3.1.2.

11. In addition to being required to repurchase the Loan File, Guaranteed Rate is also required to indemnify Fifth Third for cost expenses, including its reasonable attorneys' fees, arising out of any breach of any provision of the Agreement. See Agreement, ¶ 3.3.

12. On April 25, 2012, Fifth Third demanded that Guaranteed Rate repurchase the Loan File, because the loan exceeds the loan amount which Fannie Mae, Freddie Mac, Ginnie Mae will consider for purchase for that particular geographic location. A true and correct copy the demand letter is attached hereto as Exhibit 2.

13. Guaranteed Rate refuses to repurchase the Loan File and is, therefore, in default of the Agreement.

14. Fifth third has been damaged in the amount of $540,361.48, less principal amounts paid by the borrower, plus attorneys' fees and costs.

15. Fifth third has fully performed its obligations under the Agreement.

## COUNT I – BREACH OF CONTRACT
## AGAINST GUARANTEED RATE, INC.

16.     Fifth third re-alleges and re-states paragraphs 1 through 15 as though fully set forth herein.

17.     Guaranteed Rate breached the Agreement by failing to repurchase the Loan File and is not excused from repurchase simply because Fifth Third purchased the Loan File in the first place.

18.     The Agreement recognizes that Fifth Third may purchase loans which do not conform to the requirements of Fannie Mae, Freddie Mac, and Ginnie Mae, in which case Guaranteed Rate is required to repurchase the loan.

19.     Fifth Third has been damaged in the amount of $540,361.48, less the principal amount paid by the borrower the date of the filing of the complaint, plus interest.  In addition, Fifth Third is entitled to its reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Fifth Third Mortgage Company respectfully request that this Court enter judgment in its favor and against Defendant Guaranteed Rate, Inc., in the amount of $540,361.48, plus reasonable attorneys' fees and costs, interest,  as well as all other relief this Court deems just.

Dated:  September 12, 2012

FIFTH THIRD MORTGAGE COMPANY,

By:     /s/Alex Darcy_____
D. Alexander Darcy (ARDC # 06220515)
Askounis & Darcy, PC
401 North Michigan Avenue, Suite 550
Chicago, IL 60611
(312)784-2400 (t)
(312)784-2401 (f)
adarcy@askounisdarcy.com